UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARCOS RAMOS HERNANDEZ,<br><br>　　　　　　　　　　Petitioner,<br>　　v.<br>TERRY ROYAL, *et al.*,<br><br>　　　　　　　　　　Respondents. | Case No. 3:25-cv-00469-MMD-CLB<br><br>ORDER |

Pro se Petitioner Marcos Ramos Hernandez, a Nevada state prisoner, commenced this habeas action by filing a Petition for Writ of Habeas Corpus (ECF Nos. 1-1, 1-2). This habeas matter is before the Court for initial review under the Rules Governing Section 2254 Cases ("Habeas Rule").

Pursuant to Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

Hernandez challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County. *State of Nevada v. Hernandez*, Case No. C-20-351079-1.[1] On October 4, 2021, the state court entered a judgment of conviction for two counts attempt lewdness with a child under the age of 14. The state court sentenced Hernandez

---

[1] The Court takes judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts. The docket records may be accessed by the public online at https://perma.cc/Y5GT-CXTV and https://perma.cc/8Z7K-G6GZ.

to an aggregate term of 16 to 40 years. The Nevada Supreme Court dismissed his direct appeal for lack of jurisdiction based on his untimely notice of appeal.

On June 15, 2022, Hernandez filed a state habeas petition. The Nevada Court of Appeals affirmed the denial of relief. In September 2025, Hernandez initiated the instant federal habeas matter (ECF No. 1-1.) The Court instructed him to resolve the filing fee, and he timely complied. (ECF Nos. 3, 4.)

In his petition, Hernandez requests the appointment of counsel. (ECF No. 1-1 at 3.) There is no constitutional right to appointed counsel in a federal habeas corpus proceeding. *See Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007)). However, an indigent petitioner may request appointed counsel to pursue that relief. *See* 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is generally discretionary. *Id.* (authorizing appointment of counsel "when the interests of justice so require"). But counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is so uneducated that he or she is incapable of fairly presenting his or her claims. *See La Mere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980).

The Court finds that appointment of counsel in this case is in the interests of justice. Hernandez is serving lengthy consecutive sentences, has limited education, and required inmate assistance to draft his federal habeas petition. In addition, his petition may raise relatively complex issues, and it is unclear whether he will be able to adequately articulate his claims in proper person with the resources available to him. Therefore, Hernandez's request for appointment of counsel is granted.

It is therefore ordered that the Federal Public Defender is provisionally appointed as counsel and will have 30 days to undertake direct representation of Petitioner or to indicate the office's inability to represent Petitioner in these proceedings. If the Federal Public Defender is unable to represent Petitioner, the Court will appoint alternate counsel. The counsel appointed will represent Petitioner in all federal proceedings related to this

matter, including any appeals or certiorari proceedings, unless allowed to withdraw. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance. The Court anticipates a deadline of approximately 90 days from entry of the formal order of appointment.

It is further ordered that any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the Court makes no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

It is further ordered that the Clerk of the Court will file the Petition for Writ of Habeas Corpus (ECF Nos. 1-1, 1-2).

It is further ordered that the Clerk of Court will add Nevada Attorney General Aaron D. Ford as counsel for Respondents and to provide Respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the AG only. Respondents' counsel must enter a notice of appearance within 21 days of entry of this order, but no further response will be required from Respondents until further order of the Court.

It is further ordered that the Clerk of Court will send a copy of this order to the pro se Petitioner, the Nevada Attorney General, the Federal Public Defender, and the CJA Coordinator for this division.

DATED THIS 24th Day of November 2025.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE